**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL R. MYERS, | : | |
| | : | Civil Action No. 06-566 (SRC) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JOHN FRANCIS, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

    MICHAEL R. MYERS, Petitioner Pro Se
    #421080/SBI# 495145C
    Northern State Prison
    P.O. Box 2300
    Newark, New Jersey 07114

**CHESLER**, District Judge

This matter is before the Court on Petitioner Michael R. Myers' petition for habeas corpus relief under 28 U.S.C. § 2254. For reasons discussed below, the petition for habeas corpus relief will be dismissed as time-barred under 28 U.S.C. § 2244(d).

### I.   PROCEDURAL BACKGROUND

Petitioner, Michael R. Myers ("Myers"), filed a petition for habeas corpus relief on or about January 10, 2006.[1] Upon initial

---

[1] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court. See Houston v. Lack, 487 U.S. 266, 270-71

screening of the petition, this Court issued an Order to Show Cause directing Myers to show cause in writing why his petition should not be dismissed as time-barred or as unexhausted.[2] Myers responded by letter received on May 17, 2006.

---

(1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1998) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition). Although the Court is unable to determine from the face of the petition the exact date that Myers handed his petition to prison officials for mailing, Myers signed the petition on January 10, 2006. See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1998) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition). Accordingly, the Court finds that January 10, 2006 was the date this petition was filed for purposes of calculating the timeliness of the petition.

   [2] Although the statute of limitations is an affirmative defense, Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), cert. denied, 124 S.Ct. 48 (2003), it is appropriate for a district court to raise the issue sua sponte prior to ordering an answer. See, also, Day v. McDonough, 126 S.Ct. 1675, 1684 (April 25, 2006)(district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions); Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Herbst v. Cook, 260 F.3d 1039, 1042 (9th Cir. 2001); Acosta v. Artuz, 221 F.3d 117, 122-24 (2d Cir. 2000); Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999); Guthrie v. State of Michigan, 194 F.3d 1312, 1999 WL 801502 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Actions. Cf. Scott v. Collins, 286 F.3d 923 (6th Cir. 2002) (distinguishing court's ability to raise the statute-of-limitations issue sua sponte as an initial screening matter under Rule 4 from a court's inability, after the fact, to "cure" a respondent's waiver of the defense in its response to the petition); Nardi v. Stewart, 354 F.3d 1134 (9th 2004). Cf. also Stewart v. Hendricks, 71 Fed.Appx. 904 (3d Cir. 2003) (unpublished) (holding that a district court may not sua sponte dismiss on statute of limitations grounds after respondent has waived the defense by failing to assert it in the answer, but not addressing court's ability to raise the issue sua sponte prior to ordering an answer).

According to the allegations contained in his petition and his response to the Order to Show Cause, Myers was convicted on March 2, 2002, and was sentenced to consecutive prison terms of five years and 18 months for burglary and trespass, respectively. (Petition, ¶¶ 2-4).  He appealed his conviction and sentence to the New Jersey Appellate Division, and the conviction was affirmed on November 14, 2002.  (Pet., ¶ 9(a), ©).  The New Jersey Supreme Court denied certification on February 19, 2003. (Pet., ¶ 9(e)).  Myers did not file a petition for a writ of certiorari with the United States Supreme Court.

Myers also alleges that he filed a state petition for post-conviction relief ("PCR"), upon advice of counsel, which was summarily denied on September 8, 2004.  He did not file an appeal from that decision.  Myers claims that his state PCR petition tolled the limitations period under 28 U.S.C. 2244(d)(2).

In his response to this Court's Order to Show Cause, Myers states that he was not familiar with the district court rules and did not know that he could have filed a federal habeas petition rather than a state PCR petition since he had already exhausted his remedies on direct appeal.  (Pet. Resp., Docket Entry No. 9). He does not provide any reason or excuse for waiting more than a year to file this habeas petition after his state PCR petition was denied.

3

## II. STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

## III. STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J.

1996). The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254. See Burns, 134 F.3d at 111. See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition. Burns, 134 F.3d at 111. However, that

5

limitations period is tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[3] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

---

[3] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar. Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

The limitations period of § 2244(d) is also subject to equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 122 S.Ct. 323 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).[4] However, the one-year limitations period in § 2244(d)(1) can only be equitably tolled when a petitioner has "exercised reasonable diligence in investigating and bringing the claims." Miller, 145 F.3d at 618. Excusable neglect is insufficient; rather, petitioner must in some extraordinary way demonstrate that he was prevented from asserting his rights. Id. There are three enumerated circumstances that would permit equitable tolling in the instant case: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; or (3) the petitioner timely asserted his rights in the wrong forum. Jones, 195 F.3d at 159. The Third Circuit has expressly held that, in non-capital cases, attorney

---

[4]   Equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations omitted).

error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling.  Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

Among other things, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition.  Jones, 195 F.3d at 159.  See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Here, Myers' judgment of conviction and sentence became final on May 19, 2003, 90 days after the New Jersey Supreme Court denied certification on direct appeal (which was February 19, 2003).  See 28 U.S.C. § 2244(d)(1); Swartz, 204 F.3d at 419; Morris, 187 F.3d at 337 n.1; U.S. Sup. Ct. R. 13.  Consequently,

8

Myers had one year from May 19, 2003, or until May 19, 2004 to bring his federal habeas petition under § 2254.

However, the Court also finds that there was statutory tolling of the limitations period under § 2244(d)(2) before May 19, 2004 because Myers filed his state PCR application sometime after his conviction became final on May 19, 2003.[5]  The state PCR petition remained pending in state court until September 8, 2004, when the state court denied relief.  Myers did not file an appeal from this denial of his state PCR petition.  Therefore, the limitations period began to run 45 days from September 8, 2004, see N.J.Ct.R. 2:4-1(a), or on October 23, 2004.  See Swartz v. Meyers, 204 F.3d at 420-24 (a state PCR petition remains pending from the time it was filed through the time in which an appeal could be filed, even if the appeal is never filed).  Myers had one year from October 23, 2004, or until October 23, 2005 to timely file his federal habeas petition.  He filed his § 2254 petition on January 10, 2006, more than two months after the limitations period had expired.

---

[5] Myers does not provide the date when he filed his state PCR petition.  Giving petitioner the benefit of all inferences, the Court will presume that Myers filed his state PCR petition immediately after his conviction became final on May 19, 2003, and will not count any time towards the running of the federal habeas limitations period until after the state PCR was denied. Even assuming that the limitations period did not begin to run until after the state PCR petition was denied, this habeas petition is not timely.

Myers offers no valid excuses, extraordinary or otherwise, for equitable tolling.  Rather, petitioner pleads ignorance of the law and reliance upon his own counsel in filing his state PCR petition rather than this federal habeas petition.  Ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.  Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001).  Courts have been loathe to excuse late filings simply because a pro se prisoner misreads the law.  Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001); see also Jones, 195 F.3d at 159-60.  Moreover, miscalculation of the statutory period does not constitute extraordinary circumstances to permit equitable tolling.  Fahey, 240 F.3d at 244.  Hence, Myers fails to demonstrate any extraordinary circumstances that would permit the equitable tolling of the one-year statute of limitations.

Therefore, because petitioner failed to file a timely petition and demonstrates no extraordinary circumstances that would allow equitable tolling, the Court is precluded from reviewing this petition for habeas corpus relief under § 2254.  Since the § 2254 petition is time-barred under § 2244(d)(1), it will be dismissed.

### IV.   CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue.  See Third Circuit Local Appellate

Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

For the reasons discussed above, this § 2254 habeas petition is clearly time-barred. The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion. Consequently, a certificate of appealability will not be issued.

CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d)(1); and the Court will dismiss the petition accordingly.

No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2). An appropriate order follows.

s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: May 24, 2006